RECEIVED
IN LAKE CHARLES, LA.
MAR 11 2015
TONY R. MOORE, CLERK
BY_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| STEPHANIE GRIFFIN | CIVIL ACTION NO: 14-2983 |
| VERSUS | JUDGE DONALD E. WALTER |
| LIBERTY MUTUAL INSURANCE CO. et al | MAG. JUDGE MARK L. HORNSBY |

### MEMORANDUM ORDER

Before the Court is a Motion to Remand [Doc. #12], filed by Plaintiff Stephanie Griffin. This matter was removed to this Court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. §1332. In the instant motion, Plaintiff argues that remand is proper because all defendants did not join in, or consent to, the removal of this action within the time frame required by law. Defendants Specialty Retailers, Inc. ("SRI") and Stage Stores, Inc. ("Stage") (collectively "Defendants") oppose this motion [Docs. #17].[1] For the reasons that follow, Plaintiff's motion [Doc. #12] is **GRANTED** to the extent she seeks remand and **DENIED** as to Plaintiff's request for fees and costs.

### BACKGROUND

Plaintiff, a resident of DeSoto Parish, originally filed suit in the 42nd Judicial District Court in and for the Parish of DeSoto, Louisiana, on August 8, 2014. Plaintiff's petition alleges that, on January 24, 2014, Plaintiff slipped and fell while exiting a Stage department store. Plaintiff claims that the incident occurred because of "frozen and unfrozen water located on the floor of the

---

[1] Significantly, both the opposition to the instant motion, as well as the notice of removal, are signed only by counsel for Defendants Stage and SRI. The other named defendants, Liberty Insurance Corporation and DeSoto Plaza Associates, L.L.C., have failed to join in either filing and therefore are not included in the references to "Defendants," herein.

1

entrance/exit to Stage Store #387[,]" located in Mansfield, Louisiana.[2] Named as defendants in the original petition were Liberty Mutual Insurance Co.,[3] Stage Stores, Inc. ("Stage"), and DeSoto Plaza Associates, L.L.C. ("DeSoto Plaza").[4] Stage was named as the operator of Stage Store #387, while DeSoto Plaza was named as the owner and operator of the premises on which the incident allegedly occurred.[5] On October 9, 2014, Plaintiff filed a motion in state court to amend her petition for damages, substituting "Specialty Retailers, Inc. d/b/a Stage Stores, Inc." in place of Stage. The next day, on October 10, 2014, SRI and Stage filed a notice of removal, commencing the instant action in this Court.[6]

In their notice of removal, Defendants stated that the removal was timely, because it was filed within thirty days of the receipt of Plaintiff's petition for damages by Stage.[7] At the time the original state court petition was filed, Plaintiff requested that Stage be served through The Corporation Trust Company in Wilmington, Delaware, as its registered agent of service.[8] Such

---

[2] Doc. #1-2, p. 2, ¶ 4.

[3] Liberty Insurance Corporation ("Liberty") was later substituted as the proper party defendant for the incorrectly named Liberty Mutual Insurance Co. Liberty Insurance Corporation is organized under the laws of Illinois with its principal place of business in Massachusetts. See Doc. #6.

[4] Id. at p. 1, ¶ 1 (Plaintiff's petition alleges that Liberty Mutual Insurance Co. is a foreign insurer licensed to do and doing business in Louisiana; that Stage Stores, Inc. is a foreign corporation domiciled in Delaware and doing business in Louisiana; and that DeSoto Plaza Associates, L.L.C. is a foreign corporation domiciled in Georgia and doing business in Louisiana.). Liberty's corporate disclosure statement shows that Liberty's principal place of business is in Massachusetts. See Doc. #10.

[5] Id. at p. 2, ¶¶ 5 and 6.

[6] Doc. #11-1. Plaintiff filed a motion to amend her petition in state court on October 9, 2014, one day prior to the notice of removal being filed on October 10, 2014. See Doc. #1-9 (unsigned copy of Plaintiff's motion to amend state petition, in possession of defense counsel at time of removal).

[7] Doc. #1, p. 5, ¶13.

[8] Doc. #1-2, p. 5; Doc. #1-3.

2

service was attempted on September 10, 2014; however, said agent is not, in fact, Stage's registered agent for service in Louisiana.[9] Nonetheless, Stage was notified on September 11, 2014 of the attempted service.[10] Thereafter, various communications transpired between Plaintiff's counsel and counsel for Defendants, ultimately culminating in Plaintiff's decision to amend the state court petition to substitute SRI as the proper party Defendant in place of Stage. SRI is a corporation organized in, and maintaining its principal place of business in, Texas.[11] Defendants have clarified that SRI, which is the true operator of Stage Store #387, is wholly-owned by Stage, a Nevada corporation.[12]

In the instant motion, Plaintiff claims that "[r]emand is proper because all defendants did not join in the notice of removal and did not file a writing expressly consenting to the removal of this action as required by 28 U.S.C. § 1446[.]" Specifically, Plaintiff argues that DeSoto Plaza and Liberty did not consent to removal despite having been properly served before the notice of removal was filed on October 10, 2014.[13] Indeed, DeSoto Plaza was served on September 8, 2014, while Liberty was served on August 19, 2014.[14] Neither DeSoto Plaza nor Liberty has challenged the sufficiency of Plaintiff's service.

---

[9] Doc. #1-5, p. 3.

[10] Doc. #1, p. 2, ¶¶ 2-3; *see also* Docs. #1-5, 1-6, and 1-7.

[11] Doc. #1, p. 1 and p. 3, ¶ 6.

[12] Doc. #2.

[13] Doc. #12-2.

[14] Docs. #12-3 and 12-4.

3

## LAW AND ANALYSIS

At the outset, the Court acknowledges that the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Because removal raises significant federalism concerns, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

Under 28 U.S.C. § 1441(a), any state court civil action over which the federal courts would have original jurisdiction may be removed from state to federal court. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). However, a district court is required to remand the case, if at any time before final judgment it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). This Court has original jurisdiction in all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Since the enactment of the diversity statute, courts have required "complete diversity" of citizenship. *Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990). Here, the parties do not dispute that they are diverse nor do they dispute that the amount in controversy exceeds $75,000.[15] Indeed, for purposes of this ruling, the

---

[15] In a letter dated October 2, 2014, referencing earlier conversations between Plaintiff's counsel and counsel for the Defendants, it is clear that Plaintiff was not in a position to stipulate to damages being less than $75,000. The letter indicates that Plaintiff's counsel advised of several alleged injuries and related surgical repairs expected to exceed the requisite $75,000 jurisdictional amount. *See* Doc. #11-1. Where, as here, the dispute surrounds whether or not all defendants properly joined in, or consented to, the removal of the suit, the Court need not raise potential timeliness disputes sua sponte. The Court therefore offers no opinion as to whether a letter, written by defense counsel and purporting to memorialize an earlier conversation with Plaintiff's counsel, would qualify as "other paper," sufficient to provide notice that the case is removable, within the meaning of 28 U.S.C. § 1446(b)(3).

Court is satisfied that the prerequisites for diversity jurisdiction exist. Rather, Plaintiff complains of procedural defects which might compel the Court to remand this case. Even where a case would fall within the district court's original jurisdiction, the case is nonetheless subject to remand if removal is untimely or otherwise defective.

Pursuant to 28 U.S.C. § 1446(b)(1), the notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading..." "The Supreme Court clarified this language in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999), holding that a defendant's thirty-day removal period commences on formal service of process, not merely on receipt of actual notice of the complaint through informal channels." *City of Clarksdale v. Bellsouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005). The term "service of process" is defined by state law. *Id.* Louisiana's long-arm statute extends to the limits of constitutional due process. *Fox v. Board of Supervisors of Louisiana State U. and Agric. and Mech. College*, 576 So.2d 978, 983-84 (La. 1991). In this case, Defendants have shown that Plaintiff attempted to serve Stage, an incorrectly named defendant, via an invalid agent for service of process.[16] Further, at the time of removal, SRI had neither been named as a party nor served in the state court litigation. Plaintiff does not argue otherwise regarding either Stage or SRI, and the Court accepts, for purposes of this ruling, that neither of these Defendants was properly served. Instead, Plaintiff focuses on the fact that fewer than all named defendants joined in the notice of removal.

Assuming, then, that the notice of removal was timely filed on October 10, 2014, the crux

---

[16] After this matter was removed, the state court granted Plaintiff's motion to amend her petition to substitute SRI as the proper party Defendant in place of Stage. Stage was therefore dismissed from the state court lawsuit. *See* Doc. # 11, p. 2 and Doc. # 11-1, pp. 1-3, 11.

of the instant dispute boils down to whether the removal was rendered defective by the failure of DeSoto Plaza and Liberty to join in or consent to the removal. Because removal is based on diversity, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(c). Defendants argue that, because SRI was never properly served, the thirty-day period for SRI's timely removal never began and therefore the consent thereto was timely filed by DeSoto Plaza and Liberty on November 11, 2014. In support of their position, Defendants cite *Perez v. Bank of America, N.A.*, No. EP-13-CV-285-KC, 2013 WL 5970405, at *3 (W.D. Tex. Nov. 7, 2013), in which a Texas district court examined the "later-served defendant" language and determined that it applied equally to a defendant who was *never* properly served. Indeed, the Fifth Circuit has found that the deadlines set forth in 28 U.S.C. § 1446 do not limit a defendant's ability to remove a case before the plaintiff has served that defendant. *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000).[17] The Court agrees that this language supports the timeliness of Defendants' notice of removal; however, because the *Perez* defendants both joined in the removal of that case, *Perez* is silent as to whether the instant, timely notice of removal was nevertheless rendered defective by the failure of all defendants to join in or consent thereto.

Both DeSoto Plaza and Liberty *were* properly served prior to removal, yet neither defendant joined in or consented to the removal of this action until after the instant motion was filed. In fact,

---

[17] The *Delgado* court's reasoning was based on Texas law, under which an action has commenced when a petition is filed, pursuant to Tex. R. Civ. P. 22. Likewise, under Louisiana Code of Civil Procedure article 421, "[a] civil action is ... commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction."

DeSoto Plaza and Liberty did not formally file their consent until November 11, 2014, more than thirty days after Defendants Stage and SRI filed the notice of removal.[18] It is well-settled law that "all defendants who are properly joined and served must join in the removal petition, *see Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986), and that failure to do so renders the petition defective." *Getty Oil Corp., a Div. of Texaco v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988) (citing *Harris v. Edward Hyman Co.*, 664 F.2d 943, 944 n. 3 (5th Cir. 1981) (citing *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349*, 427 F.2d 325, 326-27 (5th Cir. 1970)); *see also Alford v. Chevron, Inc.*, Civ. A. No. 13–5457, 2014 WL 37600, at *6 (E.D. La. Jan. 6, 2014) (if removing defendant fails to obtain consent of any co-defendants, notice of removal must affirmatively explain why consent was unnecessary)).[19] This is generally referred to as the unanimity requirement, and the burden is on the removing defendant to determine which defendants have been served and secure consent from each of them. *See Doe v. Kerwood*, 969 F.2d 165, 168 (5th Cir. 1992); *see also Cacoilo v. Sherwin-Williams Co.*, 902 F. Supp. 2d 511, 521-22 (D.N.J. 2012). If one of the defendants does not consent, the removal is procedurally defective and should be remanded. *Doe*, 969 F.2d at 169; *see also Cacoilo*, 902 F. Supp. 2d at 519-20 (subsequent filing of untimely consent did not cure defect in notice of removal).

## CONCLUSION

For the reasons stated herein, the failure of DeSoto Plaza and Liberty to join in, or timely consent to, the notice of removal filed by Defendants Stage and SRI, rendered the removal defective.

---

[18] Doc. #13. (In their consent to removal, DeSoto Plaza and Liberty state that "neither [SRI nor Stage has] been properly served with the state court summons; therefore, this written consent to removal is timely filed with the court because it is 'within thirty days of the date when the removing defendant was served' - which, in this case has yet to occur.").

[19] The Notice of Removal [Doc. #1] is silent as to the positions of DeSoto Plaza and Liberty.

Accordingly, Plaintiff's Motion to Remand [Doc. #12] is hereby **GRANTED** insofar as this matter is remanded to state court. To the extent Plaintiff also seeks attorney's fees and costs, the motion is **DENIED**. *See Valdes v. Wal-Mart Stores, Inc.,* 199 F.3d 290, 292 (5th Cir. 2000) (the decision to grant or deny attorney's fees is within the discretion of the court).

This matter is hereby **REMANDED** to the 42nd Judicial District Court, in and for the Parish of DeSoto, Louisiana, for further proceedings.

**THUS DONE AND SIGNED**, this \_\_\_\_ day of March, 2015.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE